# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSAA INSURANCE EXCHANGE, as subrogee of Pedro Casteneda, Maria DeRodriguez, Tongo Inthilath, Andrew and Dena Savage, and Audrey Ngo,<br><br>Plaintiff,<br><br>v.<br><br>BROAN-NUTONE LLC,<br><br>Defendant. | No. 2:16-cv-02929-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff CSAA Insurance Exchange's ("Plaintiff") Motion for Leave to File Amended Complaint (ECF No. 8) and Defendant Broan-Nutone LLC's ("Defendant") Motion to Sever and Dismiss (ECF No. 10). Both parties filed oppositions to the other party's motion. (ECF Nos. 11 & 14.) The Court has reviewed the briefing filed by both parties. For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion to amend and DENIES Defendant's motion to sever and dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action in the Superior Court of California, County of Sacramento on November 15, 2016. (ECF No. 1-1.) Plaintiff brings this action as subrogee for five of its insureds — Pedro Casteneda, Maria DeRodriguez, Tongo Inthilath, Andrew and Dena

1

Savage, and Audrey Ngo ('the insureds").[1] (ECF No. 1-1.) Plaintiff alleges claims of product defect, failure to warn, negligence, negligent failure to recall, breach of implied warranty, and breach of the Consumer Legal Remedies Act. (ECF No. 1-1 at 6–9.) Plaintiff alleges each of its insureds bought a fan manufactured between the years 1999–2003 by Defendant. (ECF No. 1-1 ¶ 10.) Plaintiff alleges the fans malfunctioned causing fires on five separate occasions between November 9, 2013, and May 1, 2016, at each of the insureds' residences. (ECF No. 1-1 ¶¶ 15–18.) Plaintiff alleges each fan was equipped with the same 27 AWG winding wire and thermal alloy-link cutoff. (ECF No. 1-1 ¶¶ 23–25.) Plaintiff further alleges the two parts together caused the defect resulting in the fires at the insureds' homes. (ECF No. 1-1 ¶ 25.)

Plaintiff filed an amended complaint in state court on December 15, 2016. (ECF No. 8 at 3.) Defendant removed the action to this Court on the very same day, but attached the original complaint filed in state court rather than the amended complaint. (ECF No. 3 at 8.) Plaintiff moved to amend on February 23, 2017. (ECF No. 8.) Defendant moved to sever the claims of the insureds on March 9, 2017. (ECF No. 10.)

**II.    STANDARD OF LAW**

A. Motion to Amend

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under FRCP 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent then good cause cannot

---

[1]    Plaintiff seeks to add two more insureds in its proposed amended complaint.

be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under FRCP 16(b), the Court has the discretion to refuse the amendment if it finds reasons to deny leave to amend under FRCP 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Motion to Sever

Generally a party is permitted to join any claims in its action it has against an opposing party. Fed. R. Civ. P. 18. However, on a parties' motion or on its own motion, a court may sever any claim against a party. Fed. R. Civ. P. 21 ("Rule 21"). The Court has broad discretion in determining whether or not to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1992). "There is no established test in the Ninth Circuit for when a district court should exercise its broad discretion and sever a claim under Rule 21." *Arcure v. California Dept. of Developmental Services*, No. 1:13-cv-00541-LJO-BAM, 2014 WL 346612, at *6 (E.D. Cal. Jan. 30, 2014). "Claims may be severable under Rule 21 if they arise from different factual situations or pose different legal questions." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007). Claims may also be severed where it will serve the ends of justice and lead to prompt and efficient disposition of litigation. *Id.* "Fairness is a critical consideration in determining whether severance is appropriate[,]" and therefore it must be determined whether any party would suffer prejudice. *Pena v. McArthur*, 889 F. Supp. 403, 407 (E.D. Cal. 1994). "As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and

appealability." *Gaffney v. Riverboat Services of Indiana*, 451 F.3d 424, 441 (7th Cir. 2006).

**III. ANALYSIS**

Defendant's motion to sever seeks to separate each insureds' claims into separate cases. Plaintiff seeks to amend to add two claims by new insureds allegedly resulting from the same fans. As the Courts decision on the motion to sever will similarly affect the new insureds, the Court first determines whether severing would be appropriate and then turns to the question of amending the complaint.

A. <u>Motion to Sever</u>

Defendant argues the claims should be severed because each fire involves different factual and legal questions, there is little overlap of witnesses and documentary proof, and Defendant would be prejudiced if all insureds testify at one trial. (*See* ECF No. 10.) The Court will address each argument in turn.

i. *Different Factual and Legal Questions*

Defendant asserts there is no common issue of fact or law between all five claims. (ECF No. 10 at 3.) Defendant contends there is no common defect and in fact "several fire-causing design failures are alleged." (ECF No. 10 at 3.) Defendant further argues the different dates and locations of the fires present different set of facts. (ECF No. 10 at 3.) Plaintiff counters all the fans contained the same defect and thus have a common issue of law and fact. (ECF No. 14 at 3.)

Plaintiffs complaint alleges "[c]atastrophic, fire-causing failures have only been observed when the 27 AWG wire was used in conjunction with the thermal alloy-link cutoff." (ECF No. 1-1 ¶ 25.) Thus, Defendants contention that multiple failures are alleged is incorrect. While, Plaintiff details the two changes and potential failures, Plaintiff explicitly states the fires only occur when *both* defects are present. Accordingly, common questions of law and fact exist.

Defendant's attempt to rely on *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D 571, (D. Nev. 2012), is misplaced. In *Waterfall* the district court decided whether to sever a products liability class action against two separate manufacturers of brass plumbing fittings. *Id.* at 573. The court found plaintiffs may be properly joined against one defendant, but the defendants — as separate manufacturers — were not properly joined. *Id.* 585–56. Here, Plaintiff

alleges multiple claims for the same defect against one manufacturer. The *Waterfall* court found precedent supports joinder of plaintiffs with similar product liability claims against a single manufacturer. *Id.* The Court agrees and Defendant cites no authority to the contrary. The fires occurring at different locations are not enough to find dissimilar facts and law, especially where the alleged defect is the same.

### ii. Overlapping Witnesses and Documentary Proof

Defendant argues there is "minimal overlap of witnesses and evidence and thus the separate natures of the incidents weighs heavily in favor of severance." (ECF No. 10 at 4.) Defendant further contends having the claims tried in a single trial would be unwieldy and cumbersome. (ECF No. 10 at 5.) Plaintiff asserts the common defect in the fans would mean discovery would proceed on all claims in a uniform fashion. (ECF No. 14 at 5.) Plaintiff notes "the breadth of discovery would actually be decreased since Defendant's representatives will not be deposed in five separate cases." (ECF No. 14 at 5.)

Defendant cites *Grazios v. Am. Home Prod. Corp.*, 202 F.R.D. 638 (D. Nev. 2001), in support of the contention that each incident should have a separate trial. (ECF No. 10 at 4.) However, *Grazios* dealt with multiple plaintiffs alleging varying manufacturers made medications with the same defect. *Id.* at 641. Here, Plaintiff asserts the same defect against the same manufacturer for all five insureds. Even if the fans themselves are different products, Plaintiff asserts the Jackle motor is used in all the products at issue and the motor houses the defect. (ECF No. 14 at 2.) Thus, most evidence about the product defect will be identical if the claims are separated. Furthermore, as Plaintiff points out, Defendant would need to appoint representatives to be deposed in multiple litigations instead of one streamline process if severance is granted. Whereas in a single action, only one set of representatives need be deposed on each side. Accordingly, the Court cannot find that there is insufficient overlap of witnesses and evidence to weigh in favor of severance.

### iii. Prejudice to Defendants

Defendant asserts it will be prejudiced by having five different insureds testify at the trial because it would potentially lead to jury confusion. (ECF No. 10 at 6.) Defendant contends a

5

"parade of plaintiff's witnesses" and the possibility of legal and factual confusion for the jury supports severance. (ECF No. 10 at 6.) Plaintiff argues it would be permitted to present evidence of similar incidents at each trial regardless and therefore, the number of witnesses is insignificant. (ECF No. 14 at 7.) Plaintiff further argues it would be prejudiced if the incidents are severed because it will increase the costs of litigating the claims. (ECF No. 14 at 7.)

As discussed above, the claims have common issues of fact and law and therefore this part of Defendant's argument is unpersuasive. As to Defendant's concern of a "parade of witnesses" this argument is similarly unpersuasive. Plaintiff cites *Copper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103 (9th Cir. 1991), as contradicting Defendant's argument. In *Cooper,* the Ninth Circuit noted a "showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect or notice of the defect." *Id.* at 1105. Therefore, evidence of separate claims may be admissible if the Court finds they are substantially similar. Defendant's argument that joinder automatically creates prejudice because all incidents will be before the jury ignores this precedent. Furthermore, the Court must look at whether any party — not just Defendant — will suffer prejudice. *Pena*, 889 F. Supp. at 407. Plaintiff would be required to incur added costs to litigate each incident in a separate action.

The Court finds Defendant's arguments regarding prejudice unconvincing. However, Plaintiff has presented genuine concerns of prejudice should severance occur. In light of this finding and the above discussion, the Court finds severance is not warranted under the given facts. Accordingly, Defendant's motion to sever is hereby DENIED.

B. Motion to Amend

Plaintiff moves to amend its complaint and allege two new claims by different insureds arising from the same alleged defect.[2] (ECF No. 8.) Frankly, it is unclear to the Court whether the operative complaint is the amended complaint filed in state court the same day as removal or the original complaint attached to Defendant's notice of removal. Regardless, Plaintiff's motion

---

[2] The new claims assert the same defect in the Jackle motor and a resulting fire. Accordingly, the claims would also survive Defendant's motion to sever as common questions of fact and law exist and there is no prejudice to Defendant.

is more a precaution and housekeeping matter than a genuine dispute over whether amendment should be granted.

Pursuant to the terms of the February 15 Scheduling Order, Plaintiff must demonstrate good cause to amend the complaint. Diligence suffices to demonstrate good cause. *Mammoth Recreations*, 975 F.2d at 609. Plaintiff waited less than three months to move to amend and mentioned amendment in the parties' Joint Scheduling Report (ECF No. 5) filed on February 13, 2017. Thus, the Court finds Plaintiff was diligent in seeking amendment. Defendant makes the same arguments against amendment as it does in favor of severance. (ECF No. 11 at 3.) These arguments are similarly unpersuasive in the context of a motion to amend. For these reasons, the Court finds good cause exists to permit Plaintiff to amend its complaint.

**IV. CONCLUSION**

For the above stated reasons, the Court hereby GRANTS Plaintiff's motion to amend (ECF No. 8) and DENIES Defendant's motion to sever (ECF No. 10). Plaintiff shall file its amended complaint on the docket within ten (10) days of this order. Defendant is afforded twenty (20) days from the date Plaintiff files an amended complaint to answer the complaint.

IT IS SO ORDERED.

Dated: August 31, 2017

Troy L. Nunley
United States District Judge